UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In Re:  SHORT, BRIAN J.                                      CASE NO.: 08-10705 swd
       SS# XXX-XX-4971                                  HON. SCOTT W. DALES
                                                            CHAPTER 13

       SHORT, DENISE A.
       SS# XXX-XX-8376
_____

## CHAPTER 13 PLAN

**THE FOLLOWING CHAPTER 13 PLAN MAKES PROVISIONS FOR TREATMENT OF ALL OBLIGATIONS OF THE DEBTORS, INCLUDING ADJUSTMENT OF SECURED AND UNSECURED OBLIGATIONS AND PAYMENT TERMS.  IT MAY REDUCE THE AMOUNT, MODIFY THE TERMS OR ELIMINATE ENTIRELY SOME OR ALL OF THOSE OBLIGATIONS.  UNLESS A TIMELY OBJECTION IS FILED TO THE CONFIRMATION OF THIS PLAN, THE PLAN, AS CONFIRMED BY THE BANKRUPTCY COURT, WILL BE BINDING UPON THE DEBTORS AND ALL CREDITORS PROVIDED FOR WITHIN THE PLAN.**

The Debtors propose the following Chapter 13 Plan and makes the following declarations:

I.     PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

     The Debtors submit the following to the supervision and control of the Trustee.

     1.     Future earnings or income of: $560.00 per month with the first payment being due October, 2009 to be paid directly by the Debtors due to their respective positions.
     2.     Payer to be: Debtors.
     3.     Other property:
     (a) If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtors agree to pay into the Plan all disposable income, as defined in 11 U.S.C. Sec. 1325(b)(2) for a period of not less than 36 months from the date that the first plan payment was due, including but not limited to 100% of each Federal and State Tax refunds, property tax credits, gambling and lottery winnings.
     (b) If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtors agree to pay into the Plan all disposable income as defined in 11 U.S.C. §1325(b)(2) for a period of not less than the Applicable Commitment Period of 36 months or completion of the Plan, including but not limited to: income tax refunds, property tax credits, gambling winnings,  judgments, settlements, etc. received during that period.  The Debtors agree to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowances(s) and/or marital status.

      The Trustee shall have the discretion to increase the percentage to the unsecured creditors as a result of additional payments made under this provision. If the Debtors are engaged in business, disposable income does not include payment of expenditures necessary for the continuation, preservation and operation of such business.
(c) Debtors agree to make a balloon payment on or before the 60th month to insure that the Plan does not exceed 60 months.

4    Amounts necessary for the payment of allowed post-petition claims under 11 U.S.C. Section 1305.

II.    TREATMENT OF CLAIMS

Claims allowed under Article II of Debtors' Chapter 13 Plan shall be paid in the following order unless specified otherwise or pursuant to Court order:

a) The Trustee shall be paid the percentage fee set forth from time to time by the U. S. Attorney General. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.
b) Regular monthly mortgage payments (if any)
c) Secured claims shall receive the monthly payments provided for under the terms of the Plan.
d) Administrative claims to be paid after each monthly mortgage payments and each regular monthly payment (if any) due upon secured claims.
e) Mortgage arrearage (if any)
f) Claims entitled to priority
g) General unsecured creditors are one class and shall be paid after payment of all other claims.

1.    Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. Section 507, including:

a) Trustee: The Trustee shall be paid the percentage fee set forth from time to time by the U. S. Attorney General. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtors.
b) Attorney's fees to be paid through the Plan: $2,600.00 plus additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan.
c) Priority claims: 100 % of Priority claims that are timely filed and allowed will shall be paid as follows:

    Priority claims shall be paid subsequent to the payment of all secured claims, including child support arrears pursuant to 11 U.S.C. Section 1322(a)(1).

2.    Claims set forth below are secured only by fully secured interests in real property

that is the Debtors' principal residence. Defaults shall be cured and regular payments shall be made by the Trustee from payments received by the Trustee. Since this mortgage post-dates October 22, 1994 interest will accrue upon the arrears at the rate of zero percent (0%) pursuant to 11 U.S.C. 1322(e). If the regular monthly payment is being made by the Trustee, upon notification in writing by the mortgage holder of any proposed payment increase caused by a variable rate change or escrow to the Trustee, Debtors and Debtors' counsel, and subject to the right of the Debtors and the Trustee to object to the proposed modification, the Trustee is authorized to automatically increase the plan payments by an amount sufficient to cover the increased mortgage payment and additional Trustee fees thereon. The Trustee shall amend any wage order in place to include this increase. The arrearage amount stated in Debtors' Chapter 13 Plan is an approximation and creditor's Proof of Claim shall control absent an objection by the Debtor(s). Real Estate Tax Claims shall be paid interest at the statutory rate, and shall be paid subsequent to monthly mortgage payments on Debtors' residence, but together with all remaining secured claims.

| CREDITOR | AMOUNT OF CLAIM | VALUE OF COLLATERAL | ARREARS CLAIMED | REGULAR PAYMENT |
|---|---|---|---|---|

There are no creditors in this class.

3. The alleged secured claims set forth below shall be deemed to be wholly unsecured for the reason that the value of the collateral allegedly securing said liens was, at the time of the filing of Debtors' Chapter 13 case, less than the total of previously existing liens upon the same collateral and in accordance with the decision of this Court rendered by the Honorable Jo Ann C. Stevenson, **In Re: Phillips, 224 B.R. 871(1998).**

| CREDITOR | NATURE OF DEBT | AMOUNT OF CLAIM | SECURED PORTION OF DEBT |
|---|---|---|---|

There are no creditors in this class.

4. **The claims set forth below shall be deemed secured and treated as secured in an amount equal to the value of the collateral securing that claim less the amount of prior secured claims. The balance of the claim shall be treated as unsecured. If the underlying debt was incurred within 910 days preceding the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the Debtors, or if the collateral for that debt consists of any other thing of value, if the debt was incurred during the 1 year period preceding the filing of the petition, the entire debt shall be deemed secured.** Each creditor shall retain its lien to the extent of its allowed, secured claim until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 11 U.S.C. Section 1328. The Debtor is the owner of the property serving as collateral for payment of the secured

claims. Debtor is aware of the condition of the collateral and knows its value. The value is based upon disposition of said property in a commercially reasonable manner. Interest will accrue upon the claim at the contract rate of 1.9% per annum. All such claims shall be paid in equal monthly installments over a period of 42 months, commencing with the first payment becoming due 30 days after October, 2009, or the filing of this plan, whichever is earlier. . If additional sums are available from payments made by the Debtor, the Trustee shall have the discretion to increase the monthly installment to creditors in this class. Payments called for to be made pursuant to this paragraph shall be made by the Trustee upon confirmation of the Debtor's Plan or upon entry of an Order providing for pre-confirmation payments and shall be deemed to constitute adequate protection of the interests of secured creditors under 11 U.S.C. Sec. 1326 (a)(1)(C).

| CREDITOR | COLLATERAL | AMOUNT OF CLAIM | VALUE OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Ford Motor Credit | 2006 Ford 500 | $17,425.04 | $10,870.00 | $429.16 |

The claims of vehicle was incurred within 910 days or 365 days if non vehicle prior to the filing of Debtors' Bankruptcy proceeding and shall be paid in full with interest at the contract rate of 1.9% per annum.

5. Claims set forth below are those upon which the last payment is due after the date on which the final payment under the Plan is due. Defaults shall be cured and regular payments shall be made. The amount due and owing upon said claim shall be deemed to be the allowed amount of said claim, as determined by Order of the Bankruptcy Court, the amount set forth in this Plan or the amount set for by the Debtor(s) in the Schedules filed by the Debtor(s), in that order of priority.

There are no creditors in this class.

6. The collateral on the following secured claims shall be surrendered to creditor and no claims for a deficiency balance shall be allowed or paid under this Plan:

| CREDITOR | NATURE OF DEBT | AMOUNT OF CLAIM |
|---|---|---|
| Citimortgage | 1st Mortgage<br>5066 Brookside Ct.<br>Montague, MI 49437 | $115,279.00 |
| Citimortgage | 2nd Mortgage<br>5066 Brookside Ct.<br>Montague, MI 49437 | $ 27,960.00 |
| Chemical Bank | Vacant land | $ 25,195.00 |

|  |  |  |
|---|---|---|
| City of Montague | Property taxes<br>5066 Brookside Ct.<br>Montague, MI 49437 | $2,529.00 |
| Claybanks Township Treasurer | Property taxes<br>5066 Brookside Ct<br>Montague, MI 49437 | $ 195.00 |

7. Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows:
   Unsecured claims are one class and shall be paid a pro-rata share of the base to unsecured in an amount of $2,600.00 or 36 months whichever is greater.

8. Claims in this class may include debts co-signed by an individual other than the Debtors, debts for non-sufficient funds (NSF) checks, for continuing legal services or debts that may be nondischargeable such as student loans or criminal fines:

| CREDITOR | NATURE OF DEBT | AMOUNT OF CLAIM |
|---|---|---|
| Citibank South Dakota, NA | Student Loan | $12,731.00 |
| Direct Loans | Student Loan | $ 9,576.00 |

   Claims of the above creditors shall be paid a pro-rata share of the base to unsecured in the amount of $2,600.00 or 36 months whichever is greater. Since the obligations to Citibank South Dakota, NA and Direct Loans are nondischargeable, upon completion of Debtors' Chapter 13 Plan, Debtors will resume payments on the obligations to Citibank South Dakota, NA and Direct Loans until the obligations have been paid in full.

9. Post-petition claims allowed under 11 U.S.C. Section 1305 shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claims and conclude on the last payment under the Plan.

III. OTHER PROVISIONS

1. The following executory contracts and unexpired leases are assumed and will be paid directly by the Debtors outside Debtors' Chapter 13 Plan:

   CREDITOR                          NATURE OF DEBT

   There are no creditors in this class.

2. The following claims are excluded and will be paid directly by Debtors outside the Chapter 13 Plan, in whole or in part as indicated, and not provided for by the Plan

      for the reason set forth:

      There are no creditors in this class.

3.      On the Chapter 13 Petition filing date, the following creditors have judicial liens upon exempt property of Debtors:
None.
In addition, the following creditors have non-possessory, non-purchase money security interests in Debtors' household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry, described in the tabulation below, all of which are held for Debtors' use, or for the use of Debtors' family, or household, or dependents:
None.
Debtors have claimed and are entitled to claim the property subject to said judicial liens and non-possessory, non-purchase money security interests as exempt under 11 U.S.C. Section 522(b). To the extent that liens impair said exemptions allowed under applicable law, said liens shall be avoided.

4.      The Debtors will be able to make all payments and comply with all provisions of the Plan, based upon availability to the Debtors of the income and property the Debtors propose to use to complete this Plan. The Debtors are reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

5.      This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 13 of Title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

6.      The Trustee may in the exercise of his or her duties to assist the Debtors in performance under the Plan, grant reasonable refunds to the Debtors from the funds paid to the Trustee but not distributed to the Creditors, to meet emergency situations which may arise during the course of the plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted.

7.      Any potential Chapter 13 or Chapter 7 Trustee's action or proceeding under 11 U.S.C. Section 544,545, 547, 548, 549 or 553 shall be preserved for the benefit of the estate pursuant to Section 551. The Trustee may bring any avoidance action within the period set forth in 11 USC Section 546.

8.      Upon completion of all payments under this plan and, if applicable, after the Debtor(s) certifies that all amounts payable under a domestic support obligation and due before the date of certification have been paid, the Debtors shall receive a discharge of all debts provided for under this plan or disallowed under 11 U.S.C. Section 502, except any debt described in 11 U.S.C. Section 1328 (a) (1), (2), (3)

or (4).

IV.	VESTING OF ESTATE PROPERTY

Upon confirmation of the Plan, all property of the estate shall (X) vest in the Debtors, except for the future earnings of the Debtor and other property specifically devoted to the Plan; ( ) or remain property of the estate.  In any event all property to which the Debtor retains possession or control of shall be insured by the Debtor.  The Chapter 13 Trustee will have no responsibility to insure and will have no liability for damage or loss to any property which is in the possession and control of the Debtor.

**In the absence of written objection filed with the Court and served upon Debtors' counsel and upon the Chapter 13 Trustee and, if applicable, upon the U.S. Trustee, not less than five (5) court days prior to the date fixed for the hearing on confirmation, the Court may confirm this Chapter 13 Plan and accept the valuations and allegations asserted therein.**

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 11, 2009		/s/_____
						Brian J. Short

Dated:  September 11, 2009		/s/_____
						Denise A. Short